IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-85-PLR-CCS |
| | ) | |
| WALTER MEACHUM | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on September 2, 2015, for a motion hearing on the Defendant's Motion to Continue Plea Deadline Trial Date [Doc. 15] and an arraignment on the Superseding Indictment. Assistant United States Attorney Cynthia Davidson appeared on behalf of the Government. Attorney Benjamin Sharp appeared on behalf of the Defendant who was also present.

After arraigning the Defendant on the Superseding Indictment, the parties addressed the motion to continue. The motion states that additional time is needed to continue negotiations with the Government to possibly resolve this matter. During the hearing, however, Attorney Sharp explained that the Defendant has experienced psychological problems since he was a child and while counsel has requested and reviewed some of the Defendant's mental health treatment records, more records have been requested and counsel is waiting to receive and review them. Depending on what the remaining medical records reveal, Attorney Sharp anticipates that a motion for a psychological evaluation may be filed on the Defendant's behalf with specific regard to the Defendant's mental status at the time of the offenses. In addition, given the eight additional charges presented in the Superseding Indictment, and

1

the significant penalties carried with each charge, Attorney Sharp stated that a continuance is also warranted because he will need additional time to review forthcoming discovery. The Court questioned the Defendant who stated he understood he had a right to a speedy trial but desired a continuance in this matter. The Government agreed that a continuance was appropriate given the likelihood that this matter will proceed to trial and that the sheer amount of discovery and witnesses involved also warranted that the trial in this matter be reset to a later date. The parties then agreed to a new trial date of February 16, 2016.

The Court finds the motion to continue to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court observes that the Defendant's request for a continuance demonstrates a need for additional time for counsel to interview his client, review discovery, and investigate the facts of the case. The Court finds that the failure to grant the Defendant's request would result in a miscarriage of justice because he would have to proceed to trial with unprepared counsel. In light of the amount of time needed to prepare for the case, the Court finds that the Defendant could not be ready for trial by September 22, 2015, or in less than five months. Thus, the Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's motion to continue is **GRANTED**. The trial of this matter is reset to **February 16, 2016.** The Court also finds that all the time between the **September 2, 2015** hearing and the new trial date of **February 16, 2016** is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(7)(A)-(B). As to all other deadlines in this matter, a motion deadline is set for October 16, 2015, and the Government's response is due no later than October 30, 2015. A pretrial conference and motion hearing before the undersigned will be held on **November**

**2, 2015 at 1:30 p.m.** In addition, the parties have until **January 15, 2016** to conclude plea negotiations. Furthermore, the Court instructs the parties that all motions *in limine* must be filed no later than **February 1, 2016**. Finally, special requests for jury instructions shall be submitted to the District Court no later than **February 5, 2013**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Continue Plea Deadline Trial [**Doc. 15**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **February 16, 2016**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, United States District Judge;

(3) All time between the hearing on **September 2, 2015,** and the new trial date of **February 16, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) A motion deadline is set for **October 16, 2015**, and the Government's response is due no later than **October 30, 2015**;

(5) A pretrial conference and motion hearing before the undersigned is set for **November 2, 2015 at 1:30 p.m.**;

(6) The plea agreement cut-off deadline in this case is **January 15, 2016**;

(7) Motions *in limine* must be filed no later than **February 1, 2016**; and

(8) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **February 5, 2016**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge