UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-CR-85 |
| v. | ) | |
| | ) | (REEVES / SHIRLEY) |
| WALTER JOHN MEACHUM, III, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF COMMITMENT**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on August 11, 2016, for a competency hearing. Assistant United States Attorney Cynthia F. Davidsion appeared on behalf of the Government. Assistant United States Attorney Benjamin G. Sharp represented the Defendant, who was also present.

On March 12, 2016, defense counsel moved [Doc. 27] for a competency evaluation for the Defendant. At a hearing on April 19, Mr. Sharp stated that a psychiatrist contracted by the Federal Defender Services had evaluated the Defendant and the results of that evaluation caused counsel to believe a mental evaluation was necessary. The Court granted [Doc. 31] the motion, finding reasonable cause to believe that the Defendant may be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court committed the Defendant for a mental evaluation of his

competency to stand trial pursuant to 18 U.S.C. § 4241(a). It also granted the Government's motion for an examination of the Defendant's sanity at the time of the alleged offense pursuant to 18 U.S.C. § 4242(a).

The Defendant was evaluated at the Federal Correctional Institution at Fort Worth, Texas (FCI Fort Worth). The Court has received the eleven-page Psychological Evaluation report by Dr. Lisa Bellah of FCI Fort Worth. The Court made this report a sealed exhibit to the August 11 hearing. Dr. Bellah diagnosed the Defendant with Schizoaffective Disorder, Bipolar Type, and opined that he is not competent to stand trial. At the hearing, the parties stipulated to the findings and conclusions in the report. Counsel had no contrary evidence to present and agreed that the Defendant is incompetent.

"[T]he standard for competence to stand trial is whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.'" Godinez v. Moran 509 U.S. 389, 396 (1993) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)); accord Mallet v. United States, 334 F.3d 491, 494-95 (6th Cir. 2003), cert. denied, 540 U.S. 1133 (2004). Section 4241 requires the Court to commit the defendant to the custody of the Attorney General if it finds by a preponderance of the evidence "that the defendant is presently suffering from a mental disease or defect rendering [him] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against [him] or to assist properly in [his] defense." 18 U.S.C. § 4241(d).

Based upon the report of Dr. Bellah, the Court finds by a preponderance of the evidence that the Defendant does have and suffer from a mental disease that interferes with his ability to understand the nature and consequences of the proceedings and to assist in his defense.

Specifically, the Court finds that the Defendant suffers from Schizoaffective Disorder, Bipolar Type. The Defendant experiences psychosis, altered thinking, and paranoia. According to Dr. Bellah's report, he has auditory and visual hallucinations. The Defendant's current mental state prevents him from engaging in a legally focused discussion. Accordingly, the Court finds that the Defendant is not presently competent to stand trial pursuant to the standard in § 4241.

Based upon this finding, the § 4241(d) requires and the Court **ORDERS** that the Defendant be committed to the custody of the Attorney General for treatment at a suitable facility. The Defendant will be designated to the facility by the Attorney General or his designee the United States Marshal and shall be transported there as soon as possible. The Defendant is to remain at the facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there exists a substantial probability that the Defendant will attain the capacity to permit the trial to take place in the foreseeable future. 18 U.S.C. § 4241(d)(1). Following this initial assessment, the report of which shall be sent to the Court, defense counsel, and the Assistant United States Attorney, the Defendant, if he has not attained the capacity for trial to proceed, may be detained at the facility for an additional reasonable time period until the earlier of the following:

> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
> (B) the pending charges against him are disposed of according to law.

18 U.S.C. § 4241(d)(2). If the facility requests and the Court grants that the Defendant remain at the facility for an additional reasonable time beyond the initial four-month assessment period, the facility is ordered to provide the Court with semi-annual reports regarding the Defendant's

3

condition and progress beginning with a report two months after the four-month assessment period. See 18 U.S.C. § 4247(e)(1)(A).

If at any time during the Defendant's commitment at the facility, the director of the facility determines that the Defendant has recovered his competency, the director shall file a certificate to that effect promptly with the clerk of this Court. See 18 U.S.C. § 4241(e). The Court will then hold a hearing pursuant to 18 U.S.C. § 4247(d) to determine the Defendant's competency to stand trial. 18 U.S.C. § 4241(e). The parties are to appear before the Court on **January 11, 2017**, **at 11:00 a.m.**, for a competency hearing or status conference. The trial of this case has been removed and will be reset if and when the Court finds that the Defendant is competent to stand trial.

Dr. Bellah's report states that the Defendant is presently on a regimen of three antipsychotic medications. The Court discussed with the United States' Marshals the importance of keeping the Defendant on his medications while he is awaiting designation to a Bureau of Prisons facility for treatment and competency restoration.

Accordingly, it is ordered:

(1) That the Defendant is committed to the custody of the Attorney General for treatment and competency restoration at a suitable federal facility for a reasonable period of time not to exceed four months as set forth more fully above;

(2) That the Defendant shall be designated and transported to the approved federal facility as soon as reasonably possible;

(3) Upon the Defendant's arrival, the facility shall notify the Court and copy defense counsel and the Assistant United States Attorney of the date of the Defendant's arrival. The Defendant shall be given any necessary medications as determined appropriate by the medical staff at the facility;

4

(4) That upon the completion of the initial treatment period, the examiner and/or examiners shall notify the Court and copy defense counsel and the Assistant United States Attorney of the date of such completion, and, pursuant to Title 18, United States Code, Section 4247(c), shall file with the Court, the Assistant United States Attorney, and defense counsel a report that shall include:

   (a) the Defendant's history and present symptoms;

   (b) a description of the psychiatric, psychological and medical tests that were employed and their results;

   (c) the examiners' findings;

   (d) the examiners' opinions as to diagnosis and prognosis, and

   (i) whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

   (ii) whether, if the Defendant is incompetent, a substantial probability exists that he could be rendered competent with an additional period of treatment.

(5) If the evaluators determine that the Defendant needs an additional period of treatment after the initial four-month period, the Defendant shall remain at the facility while the Court considers any request for additional time so that his treatment will not be interrupted;

(6) If the Defendant's competency is restored, the Defendant is **COMMITTED** to the custody of the Attorney General for an additional period of time, not to exceed forty-five days, for evaluation and testing by one or more licensed or certified psychiatrists and/or clinical psychologists to determine whether, at the time of the offenses charged, the Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. At the end of the evaluation period, the examiner or examiners shall send a forensic report, pursuant to 18 U.S.C. § 4247(c), stating:

5

(a) The Defendant's history and present symptoms;

(b) A description of the treatment provided and of any psychiatric, psychological, and medical tests given and their results;

(c) The examiner's findings; and

(d) The examiner's opinions as to whether, at the time of the offenses charged, the Defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts;

(7) If, in the opinion of the examiner or examiners, the Defendant's competency has been restored, he shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the expiration of the forty-five (45)-day sanity evaluation;

(8) The Government and defense counsel appear on **January 11, 2017**, **at 11:00 a.m.**, for a competency hearing and/or status conference;

(9) The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when Defendant returns to this jurisdiction from treatment and the sanity evaluation. If the Defendant has returned in time, the marshals shall bring him to the **January 11, 2017** competency hearing, and

(10) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and serve three certified copies on the United States Marshal.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge