UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | No. 3:15-CR-85 |
| v. | ) | |
| WALTER JOHN MEACHUM, III, Defendant. | ) | (REEVES / SHIRLEY) |

**MEMORANDUM AND ORDER**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). This case came before the undersigned on March 7, 2017, for a competency hearing. Assistant United States Attorneys Cynthia F. Davidson and Kelly A. Norris appeared on behalf of the Government. Attorney Benjamin G. Sharp represented the Defendant, who was also present.

By way of background, the Court observes that in March 2016, defense counsel moved [Doc. 27] the Court for an evaluation of the Defendant's competency to stand trial. In the motion, counsel gave notice of the Defendant's intent to rely on a mental defense at trial and asked the Court also to order an evaluation of the Defendant's sanity at the time of the offenses. At a hearing on the motion, AUSA Davidson asked the Court to order a mental examination with regard to the Defendant's sanity at the time of the offense, pursuant to 18 U.S.C. § 4242(a). On April 21, 2016, the undersigned committed [Doc. 31] the Defendant for a mental evaluation of his competency to stand trial and his sanity at the time of the alleged offenses.

The Defendant was evaluated by Psychologist Lisa Bellah of the Federal Correctional Institution in Fort Worth, Texas (FCI Fort Worth), who diagnosed the Defendant with Schizoaffective Disorder, Bipolar Type, and opined that he was not competent to stand trial. Due to the Defendant's

incompetence, Dr. Bellah did not make a determination of the Defendant's sanity at the time of the alleged offense.

On August 11, 2016, the undersigned found [Doc. 41] Defendant Meachum to be incompetent to stand trial. At that time, the Court committed the Defendant to the custody of the Attorney General for up to four months of treatment at an appropriate federal medical facility in order to determine whether there exists a substantial probability that the defendant will attain the capacity to permit the trial to take place in the foreseeable future. 18 U.S.C. § 4241(d)(1). Defendant Meachum was admitted to the Federal Medical Center in Springfield, Missouri (FMC Springfield), on October 6, 2016. On January 5, 2017, Dr. Jacob X. Chavez, forensic psychologist submitted a Forensic Psychological Report [Doc. 48][1] to the Court, stating that he could not rule out a Schizophrenia Spectrum or other Psychotic Disorder, given the Defendant's malingering. However, Dr. Chavez stated that based upon testing, interviews, and observation, although the Defendant may have a mental disease or defect, the Defendant is competent to proceed to trial or make other decisions regarding his case.

The parties appeared for a competency hearing on February 17, 2017. At that time, Mr. Sharp stated that a private psychologist, Dr. Coyle, was evaluating the Defendant and reviewing Dr. Chavez's Forensic Psychological Report. Mr. Sharp said that Dr. Coyle had recently relocated his practice and had not yet completed his evaluation in this case. The undersigned rescheduled the competency hearing to allow time for Dr. Coyle to finish his evaluation of the Defendant. At the March 7 hearing, Mr. Sharp stated that Dr. Coyle had concluded his evaluation and that the defense was not contesting the restoration of competency. The parties agreed that the only evidence before the Court was Dr. Chavez's twenty-three-page Forensic Psychological

[1] Dr. Chavez also prepared a Sanity Report, which has been provided to the parties.

Report, which was made a sealed exhibit to the hearing. A Certificate of Competency by Warden Linda Sanders, of FMC Springfield, is attached to the report. The Court questioned the Defendant, who agreed that he was getting his antipsychotic medication at the jail.

"The test for a defendant's competency to stand trial is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him.'" Mallet v. United States, 334 F.3d 491, 494-95 (6th Cir. 2003) (quoting Dusky v. United States, 362 U.S. 402, 402 (1960)). Section 4241 requires the Court to commit the defendant to the custody of the Attorney General if it finds by a preponderance of the evidence "that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). Based upon Dr. Chavez's report, the certificate of competency restoration, the comments of counsel, and the Court's own observations of the Defendant in the courtroom, the Court finds by a preponderance of the evidence that Defendant Meachum is able to understand the nature and consequences of the charges and proceedings against him and to assist properly in the defense of the charges brought against him in this case. 18 U.S.C. § 4241(d). Accordingly, the Court finds that the Defendant is **COMPETENT** to stand trial.

The Defendant's trial date was previously removed from the Court's calendar due to his incompetence, to be reset upon the Court's determination that he is competent. At the March 7 hearing, the parties agreed to a new trial date of **July 18, 2017.** The Court finds that all the time between the Defendant's initial Order of Commitment [Doc. 31] on April 21, 2016, and the competency hearing on March 7, 2017, is fully excludable under the Speedy Trial Act because the Defendant was undergoing an examination to determine mental competency and then was

incompetent and undergoing mental health treatment and competency restoration. See 18 U.S.C. § 3161(h)(1)(A) & -(4); see also 18 U.S.C. § 3161(h)(1)(F) (excluding up to ten days of time for transportation to and from places of examination and hospitalization). Based upon the new trial date, the Court set the following schedule in this case: The deadline for concluding plea negotiations and providing reciprocal discovery is **June 19, 2017**. The Court instructs the parties that all motions *in limine* must be filed no later than **July 3, 2017**. Special requests for jury instructions shall be submitted to the District Court no later than **July 7, 2017**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendant is **COMPETENT** to proceed to trial;

(2) The trial of this matter reset to **July 18, 2017**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, United States District Judge;

(3) All time between the Order of Commitment on **April 21, 2016**, and the competency hearing on **March 7, 2017**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for concluding plea negotiations and providing reciprocal discovery is **June 19, 2017**;

(5) Motions *in limine* must be filed no later than **July 3, 2017**; and

(6) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **July 7, 2017**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge